UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENNIFER KENYON,

                          Plaintiff,

v.                                                Civil Action No. _____

DIVERSE FUNDING ASSOCIATES, LLC. AND
ATLANTIC RECOVERY SOLUTIONS, LLC.,

                          Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Jennifer Kenyon, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Diverse Funding Associates, LLC, (hereinafter "DFA") is a foreign limited liability company organized and existing under the laws of the State of Delaware, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Atlantic Recovery Solutions, LLC., (hereinafter "ARS") is a domestic limited liability company organized and existing under the laws of the State of New York, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendants, and each of them, regularly attempt to collect debts alleged to be due another.

8. The acts of the Defendants and each of them, alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to either Defendant herein shall mean the Defendant or an employee of the Defendant.

10. That at all relevant time herein, ARS acted as agent-in-fact for DFA, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

11. That upon information and belief Plaintiff allegedly incurred an Aspen Dental Account. This debt will be referred to as "the subject debt."

12. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

13. That upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C. §1692a(5).

14. That upon information and belief, after Plaintiff allegedly defaulted on the subject debt, the account was transferred or assigned to Defendant DFA, who thereafter employed Defendant ARS to attempt to collect the subject debt.

15. In or about October 2019, Defendant ARS started contacting the Plaintiff regarding the subject debt.

16. In or about December 2019, while the Plaintiff was currently admitted to a hospital, Defendant contacted the Plaintiff in an attempt to collect the alleged subject debt. Plaintiff informed Defendant ARS that she would contact them upon her release from the hospital.

17. In or about December 2019 and after the above conversation, Plaintiff received a voicemail from Defendant ARS. The voicemail was left by "Ira Goldstein" who stated in the voice message for the Plaintiff give him a call back at 716-362-9687 when she receives the message. Mr. Goldstein further stated in the message that his client has some questions about a pizzeria that Plaintiff owns.

18. In or about December, 2019, Plaintiff called "Ira Goldstein" back at the above number pursuant to the aforementioned voicemail. During the telephone conversation with the Plaintiff, Mr. Goldstein stated that he is an attorney. Mr. Goldstein further stated to the Plaintiff that he needs information on her assets and that he will be filing a judgment to garnish Plaintiff in Erie County.

19. In response, Plaintiff asked Mr. Goldstein for his company name and his email address. Mr. Goldstein replied to Plaintiff that he did not have an email address.

20. Plaintiff told him that she wanted to know where she had to pay and who she was paying. Mr. Goldstein instructed the Plaintiff to pay Ira Goldstein and Associates. Plaintiff then told him that she was going to get an attorney. Mr. Goldstein then hung up on the Plaintiff.

21. In or about December 2019, Plaintiff called Defendant ARS again and spoke with a representative named Amber. Amber confirmed that Ira Goldstein works at her office. Defendant also confirmed that the name of the collection agency was Atlantic Recovery Solutions located in Amherst, NY.

22. In or about December 2019, Plaintiff inquired with the original creditor of the subject debt to find out who the current owner is for the Aspen Dental Account. Plaintiff was informed by the former creditor that DFA is the current account holder and provided a contact number for them.

23. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

24. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692d, 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f, and 15 U.S.C. §1692f(1) by threating Plaintiff of filing legal action in Erie County to get a judgment against the Plaintiff to and garnish her wages.

    B. Defendants violated 15 U.S.C. §1692d, 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f, 15 U.S.C. §1692f(1) and 15 U.S.C. §1692f(6) by threating to seize Plaintiff's assets.

    C. Defendants violated 15 U.S.C. §1692e(11) by failing to contain the mini-miranda warning when leaving a voicemail for Plaintiff.

    D. Defendants violated 15 U.S.C. §1692ed(6) buy placing telephone calls to the Plaintiff without identifying the true name of the company that was calling the Plaintiff.

3

    E. Defendants violated 15 U.S.C. §1692g by failing to send the Plaintiff a 30-day validation notice within 5 days of the initial communication.

    F. Defendants violated 15 U.S.C. §1692e(3) by Defendant ARS representative "Ira Goldstein" stating that he is an attorney and or his office is an law office.

26. That Defendant DFA is vicariously liable for the tortious acts of Defendant ARS described herein pursuant to the laws of agency and otherwise.

27. That as a result of the Defendants' FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 3, 2020

/s/Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com

4