UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ALEXANDER SHAULOV, individually and on
behalf of all others similarly situated,

    Plaintiff,                                    Case No.: 1:20-cv-00417

v.

SOUTHWEST CREDIT SYSTEMS, L.P.

    Defendant.
_____

### DEFENDANT SOUTHWEST CREDIT SYSTEMS, L.P.'S
### ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Southwest Credit Systems, L.P., by and through its undersigned attorneys, Lippes Mathias Wexler Friedman LLP, answering the Complaint, on information and belief:

### INTRODUCTION

1.    SWC admits that Plaintiff seeks to recover for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). SWC denies that it has committed any violation of the FDCPA against Plaintiff.

### JURISDICTION AND VENUE

2.    SWC lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 2; therefore, SWC denies the same.

3.    SWC lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 3; therefore, SWC denies the same.

4.    SWC lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 4; therefore, SWC denies the same.

## **PARTIES**

5.  SWC admits that Plaintiff is an individual. SWC lacks knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 5; therefore, SWC denies the same.

6.  SWC admits Paragraph 6.

7.  SWC lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 7; therefore, SWC denies the same.

8.  SWC admits Paragraph 8.

9.  SWC admits Paragraph 9.

10. SWC lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 10; therefore, SWC denies the same.

11. SWC lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 11; therefore, SWC denies the same.

12. SWC admits that it, at times, acts as a "debt collector" as that term is defined by the FDCPA; however, SWC lacks knowledge or information sufficient to form a belief as to whether it has done so regarding this matter and therefore denies the same.

13. SWC admits that it, at times, acts as a "debt collector" as that term is defined by the FDCPA; however, SWC lacks knowledge or information sufficient to form a belief as to whether it has done so regarding this matter and therefore denies the same.

## **THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN**

14. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, SWC denies each and every allegation in Paragraph 14.

15. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, SWC denies each and every allegation in Paragraph 15.

16. The allegations in Paragraph 16 constitute conclusions of law, to which no response is required. To the extent that a response is required, SWC denies each and every allegation in Paragraph 16.

17. The allegations in Paragraph 17 constitute conclusions of law, to which no response is required. To the extent that a response is required, SWC denies each and every allegation in Paragraph 17.

18. The allegations in Paragraph 18 constitute conclusions of law, to which no response is required. To the extent that a response is required, SWC denies each and every allegation in Paragraph 18.

19. The allegations in Paragraph 19 constitute conclusions of law, to which no response is required. To the extent that a response is required, SWC denies each and every allegation in Paragraph 19.

20. The allegations in Paragraph 20 constitute conclusions of law, to which no response is required. To the extent that a response is required, SWC denies each and every allegation in Paragraph 20.

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

21. SWC admits Paragraph 21.

22. SWC lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 22; therefore, SWC denies the same.

23. SWC lacks knowledge or information sufficient to form a belief as to the truth of

Paragraph 23; therefore, SWC denies the same.

24. SWC lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 24; therefore, SWC denies the same.

25. SWC admits Paragraph 25.

26. SWC lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 26; therefore, SWC denies the same.

27. The letter attached to Plaintiff's Complaint as exhibit 1 speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 27.

28. The letter attached to Plaintiff's Complaint as exhibit 1 speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 28.

29. SWC lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 29; therefore, SWC denies the same.

30. SWC denies Paragraph 30.

31. SWC lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 31; therefore, SWC denies the same.

32. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, SWC denies each and every allegation in Paragraph 32.

33. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, SWC denies each and every allegation in Paragraph 33.

34. SWC denies Paragraph 34.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

35. SWC repeats and realleges the foregoing paragraphs as if fully restated herein.

36. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, SWC denies each and every allegation in Paragraph 36.

37. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, SWC denies each and every allegation in Paragraph 37.

38. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, SWC denies each and every allegation in Paragraph 38.

39. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, SWC denies each and every allegation in Paragraph 39.

40. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, SWC denies each and every allegation in Paragraph 40.

41. SWC denies Paragraph 41.

42. The allegations in Paragraph 42 constitute conclusions of law, to which no response is required. To the extent that a response is required, SWC denies each and every allegation in Paragraph 42.

43. SWC denies Paragraph 43.

44. SWC denies Paragraph 44.

45. SWC denies Paragraph 45.

46. SWC denies Paragraph 46.

47. SWC denies Paragraph 47.

48. SWC denies Paragraph 48.

## SECOND COUNT
## Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

49. SWC repeats and realleges the foregoing paragraphs as if fully restated herein.

50. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, SWC denies each and every allegation in Paragraph 50.

51. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, SWC denies each and every allegation in Paragraph 51.

52. The Fair Debt Collection Practices Act speaks for itself and no response is required. To the extent a response is required, SWC denies each and every allegation in Paragraph 52.

53. The allegations in Paragraph 53 constitute conclusions of law, to which no response is required. To the extent that a response is required, SWC denies each and every allegation in Paragraph 53.

54. The allegations in Paragraph 54 constitute conclusions of law, to which no response is required. To the extent that a response is required, SWC denies each and every allegation in Paragraph 54.

55. The allegations in Paragraph 55 constitute conclusions of law, to which no

response is required. To the extent that a response is required, SWC denies each and every allegation in Paragraph 55.

56. SWC asserts that that, because the letter is attached to Plaintiff's Complaint, the letter speaks for itself.

57. SWC denies Paragraph 57.

58. SWC denies Paragraph 58.

59. SWC denies Paragraph 59.

60. SWC denies Paragraph 60.

61. SWC denies Paragraph 61.

62. SWC denies Paragraph 62.

63. SWC denies Paragraph 63.

64. SWC denies Paragraph 64.

## CLASS ALLEGATIONS

65. SWC admits that Plaintiff brings this action as a class action on behalf of all persons similarly situated in the State of New York.

66. SWC admits that Plaintiff seeks to certify a class as defined in this Paragraph. SWC denies that this case is proper for class certification.

67. SWC admits that this action seeks a finding as described in this Paragraph. SWC denies that this case is proper for class certification.

68. SWC denies Paragraph 68. SWC denies that this case is proper for class certification.

69. SWC denies Paragraph 69. SWC denies that this case is proper for class certification.

70. SWC denies Paragraph 70. SWC denies that this case is proper for class certification.

71. SWC denies Paragraph 71. SWC denies that this case is proper for class certification.

## JURY DEMAND

72. SWC admits that Plaintiff demands a trial by jury.

## FIRST AFFIRMATIVE DEFENSE

73. Any violation, if it occurred, was the result of a bona fide error.

## SECOND AFFIRMATIVE DEFENSE

74. Plaintiff's damages, if any, are the result of the actions of third parties over whom SWC has no control.

## THIRD AFFIRMATIVE DEFENSE

75. Plaintiff's damages, if any, were pre-existing damages not caused by SWC.

## FOURTH AFFIRMATIVE DEFENSE

76. Plaintiff has failed to mitigate damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

77. Plaintiff proximately caused her own damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

78. Plaintiff has failed to state a claim against SWC upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

79. Plaintiff lacks Article III standing to pursue the claims in the Complaint.

WHEREFORE, Defendant Southwest Credit Systems, L.P. respectfully demands judgment against Plaintiff dismissing the Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

Dated:  March 27, 2020

                                          LIPPES MATHIAS WEXLER FRIEDMAN LLP

                                          <u>/s Brendan H. Little</u>
                                          Brendan H. Little, Esq.
                                          Attorneys for Defendant
                                          Southwest Credit Systems, L.P.
                                          50 Fountain Plaza, Suite 1700
                                          Buffalo, NY 14202
                                          P: 716-853-5100
                                          F: 716-853-5199
                                          E: blittle@lippes.com